No. 28,305.

W. E. OLIVER, *Appellant*, v. GEORGE H. GRAHAM, *Appellee.*

(272 Pac. 162.)

Opinion filed December 8, 1928.

*Ed R. Bane,* of Scott City, and *A. S. Foulks,* of Topeka, for the appellant.

*Leo T. Gibbens,* of Scott City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action for malicious prosecution brought by W. E. Oliver against George H. Graham. The trial resulted in a verdict which was directed by the court in favor of defendant, upon which judgment was entered. Plaintiff appeals.

Graham filed a complaint before a justice of the peace, charging plaintiff with the larceny of lumber consisting of two planks, 2 x 10's,

18 feet long; four 2 x 8's, 16 feet long; eight 2 x 4's, 16 feet long; 10 shiplaps 14 feet long; ten 1 x 12's, 16 feet long, and one-half roll of roofing paper, all of the value of $28.30, and he procured the issuance of a search warrant upon which a search of plaintiff's premises was made. A second search warrant was later procured upon which a further search was made. In a preliminary examination before the magistrate plaintiff was held for trial in the district court and in the trial that followed there the plaintiff was acquitted. Shortly afterwards the present action was brought, in which the defendant was charged with instituting the prosecution maliciously and without probable cause and for the purpose of defaming and injuring plaintiff. Among other things, it was alleged that defendant had visited plaintiff's premises just before the complaint was made and had placed markings on plaintiff's lumber, and afterwards when an officer accompanied defendant in a search of the premises, defendant professed to identify the pieces of lumber by the markings on them. It was further alleged that in the making of the complaint and in causing a search of the premises, and in otherwise promoting the prosecution, the defendant acted in bad faith with the knowledge that the charge was untrue and that the plaintiff was innocent of the charge. The answer of the defendant admitted the filing of the complaint, the procuring of two search warrants and that he had given testimony against the plaintiff in the justice and district courts, but he denied that he acted maliciously and without probable cause. He further alleged that he had previously stated the facts to the county attorney, who took charge of the prosecution, prepared the complaint upon which the arrest was made and the search warrants were issued, and that thereafter the county attorney conducted the examination in justice court and the trial in district court.

At the trial plaintiff produced testimony tending to show that the lumber was his own and had been purchased from a certain lumber company; also that the defendant, prior to the complaint and issuance of the search warrant, had gone upon plaintiff's premises and placed markings on plaintiff's lumber and afterwards brought the officer and pointed out the markings as having been made before the lumber was taken and used the marks as his means of identifying the lumber he claimed was stolen.

There was testimony by plaintiff that the defendant bore ill will

toward him, and also testimony of the plaintiff's good character, and that his credit and reputation were injured by the arrest, and also as to the expense and loss caused by the prosecution. The defendant demurred to plaintiff's evidence, which the court after consideration overruled. Defendant then introduced his evidence denying that he was actuated by malice, stating that he had missed lumber from his premises, that he had marked the lumber in question the previous November, and that it was by these marks that he identified the lumber on plaintiff's place, and not by any markings made just before the prosecution was begun. He also testified that he had laid the facts before the county attorney, giving him all of them in his possession, and that officer had prepared the papers used in starting the prosecution. and had subsequently conducted the examination and trial of the plaintiff. The court, upon the motion of defendant, then directed the jury to return a verdict for the defendant. As the case stood at that time the facts which were in dispute should have been submitted to the jury. When the court overruled the demurrer to plaintiff's evidence the court evidently determined that his evidence made a *prima facie* case, that the prosecution was brought maliciously and without probable cause. Plaintiff's evidence, although not strong, tended to establish those facts. If it was sufficient then it was enough to take the case to the jury even after defendant had given evidence contradicting that produced by the plaintiff. In *Kelley v. Ryus*, 48 Kan. 120, 29 Pac. 144, it was said:

"Where evidence is introduced on the trial which, if uncontradicted, would fairly prove all that is necessary for the plaintiff to prove in order to make out his case, it is error for the trial court to instruct the jury to find for the defendant, although such evidence might be contradicted by other evidence. The court has nothing to do with any conflict in the evidence, but must submit the question as to which is true and which not to the jury." (Syl. ¶ 2.)

Whether the prosecution was instituted through ill will or malice is of course a question of fact for a jury, and whether there is probable cause is said to be a mixed question of law and fact. It is a question for the court where there is no dispute upon the particular facts upon which probable cause is predicated. Here there was disputed evidence as to the facts on the proposition and it has been decided that:

"In an action for damages for malicious prosecution, if the facts tending to

establish the existence or want of probable cause are in dispute, it is then the duty of the court to submit such question to the jury." (*McGarr v. Schnoor Cigar Co.*, 125 Kan. 760, syl. ¶ 3.)

And further that:

"The court may properly conclude such matter is in dispute where there is conflicting testimony, even if some of the isolated facts, standing alone, might be sufficient to make it a matter of law for the court." (Syl. ¶ 4.)

The defendant testified that he stated the facts to the county attorney and acted upon his advice when he instituted the prosecution, and he insists that he should be protected against liability by the advice so given and acted upon.

There still remains, however, the question whether the defendant acted in good faith in presenting the case to the attorney, and whether he made a fair and full statement of the facts to him. In respect to the functions of the court and jury as to proof of probable cause, the general rule is that where there is a dispute of facts the case must be sent to the jury with proper instructions; further that the credibility of witnesses is necessarily a question for the jury as well as whether the defendant had an honest belief of plaintiff's guilt. It has been said that:

"It is also the province of the jury, when the defendant claims to have acted under advice of counsel, to find whether the advice of counsel was in fact obtained, whether there was a full disclosure of facts made, whether reasonable diligence was used in ascertaining the facts, and whether the defendant sought and followed the advice in good faith." (18 R. C. L. 61.)

Our conclusion is that the case should have been submitted to the jury to determine the disputed facts and that a directed verdict was not justified. The judgment is reversed and the cause remanded for a new trial.